# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL HOSEA MCCORVEY, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-16993** |
| **PRISON TRANSPORT SERVICES OF AMERICA, LLC, ET AL.** | **SECTION: "A"(1)** |

# REPORT AND RECOMMENDATION

Plaintiff, Michael Hosea McCorvey, Sr., a state inmate, filed this federal civil action pursuant to 42 U.S.C. § 1983. His claims in this lawsuit arise from events which occurred on a van while he was being transported from South Carolina to Louisiana. He has sued the van operator, Prison Transport Services of America, LLC, which he identifies as a corporation based in Nashville, Tennessee. He has also sued the unidentified president of that corporation and two officers, Jordan and Davison, all of whom he alleges also reside in Nashville. Lastly, he has sued Orleans Parish Sheriff Marlin Gusman.

To better understand the factual basis of plaintiff's lawsuit, the Court held a Spears hearing on April 10, 2017. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

Based on the allegations of plaintiff's complaint, broadly construed,[1] and his Spears hearing testimony, the Court finds that he is making the following allegations in this lawsuit.

In October of 2016, plaintiff was extradited from the Anderson County Detention Center in Anderson, South Carolina, to the Orleans Justice Center in New Orleans, Louisiana. He was transported in a van operated by Prison Transport Services of America, LLC. He alleges he was subjected to unconstitutional conditions of confinement during the seven-day journey. Specifically, he alleges that the van was overcrowded and he was "not able to take baths, or take care of personal hygiene for days."[2] He further alleges that the van was involved in an "almost fatal accident" in Atlanta, Georgia, when the van driver hit another vehicle.[3] Plaintiff claims that he suffered a leg injury, loss of balance, and a painful ear infection during the journey. He further claims that he developed arthritis in his right leg. Despite these physical problems, he received no medical treatment until he arrived in New Orleans.

At the Spears hearing, plaintiff stated that, except for periodic bathroom breaks, he was on the van continuously for five days of the circuitous seven-day trip; the van stopped for only one overnight break on the fifth day. Also at the hearing, plaintiff was asked why he named Sheriff Gusman as a defendant in this action. Plaintiff responded that Gusman's only involvement was that he "executed the extradition"; plaintiff testified that Gusman was not involved in plaintiff's transportation from South Carolina to Louisiana or the events of the seven-day journey. Plaintiff stated that he requested and received medical attention for both his leg injury and ear problem

---

[1] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).
[2] Rec. Doc. 6-1, p. 10.
[3] Rec. Doc. 17.

upon his arrival in New Orleans. He testified that he has not been denied medical care while in New Orleans, and he stated that the medical care he has received has been adequate.

In that this action's connections to this judicial district are obviously tenuous, the Court will first address the issue of venue. Because 42 U.S.C. § 1983 contains no specific venue provision, venue is determined pursuant to 28 U.S.C. § 1391, the general venue statute. See Jones v. Bales, 58 F.R.D. 453, 458 (N.D. Ga. 1972), aff'd, 480 F. 2d 805 (5th Cir. 1973). That statute provides:

> A civil action may be brought in –
>
> > (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> >
> > (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The instant federal civil rights action challenges the conditions and events which occurred during an interstate prison transport. No substantial part of the events or omissions giving rise to plaintiff's claims occurred within this judicial district. Moreover, all but one of the defendants reside in Nashville, Tennessee. Although one defendant, Sheriff Gusman, does reside within this district and is subject to the court's personal jurisdiction, Gusman was not personally involved in the events giving rise to plaintiff's claims.

It is clear that the claims against Gusman are appropriate for immediate *sua sponte* dismissal under federal law. Specifically, federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[4] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

---

[4] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Here, plaintiff has no viable claim against Sheriff Gusman. As plaintiff conceded at the Spears hearing, Gusman was not personally involved in plaintiff's transportation from South Carolina to Louisiana or the events of the seven-day journey. Because "[p]ersonal involvement is an essential element of a civil rights cause of action," Thompson v. Steele, 709 F.2d 381, 382 (5th

Cir. 1983), there is simply no basis for holding Gusman liable for the events and omissions during the trip which purportedly caused plaintiff's injuries. Therefore, the claims against Gusman should be dismissed as frivolous and/or for failure to state a claim on which relief may be granted.

The next question is whether it is appropriate for the Court to sever the claims against the remaining defendants and transfer them to Tennessee for adjudication. It is.

"Even when venue is proper, a court may determine that, in the interest of justice, an action between multiple defendants should be severed and certain claims transferred to a more convenient forum." Cain v. New York State Board of Elections, 630 F. Supp. 221, 225 (E.D.N.Y. 1986); accord Wyndham Associates v. Bintliff, 398 F.2d 614, 618-19 (2d Cir. 1968); Baez v. Ranjan, No. 9:16-CV-0661, 2016 WL 3566862, at *4 (N.D.N.Y. June 27, 2016). As the court explained in Cain:

> A claim may be severed based upon lack of a significant relationship between defendants or solely for the purpose of facilitating transfer. Where the administration of justice would be materially advanced by severance and transfer, a court may properly sever the claims against one or more defendants for the purpose of permitting the transfer of the action against other defendants.

Cain, 630 F. Supp. at 225-26; accord Wyndham Associates, 398 F.2d at 618; Baez, 2016 WL 3566862, at *4.

In the instant case, plaintiff's cognizable claims, if any, are against the van operator, Prison Transport Services of America, LLC, the unidentified president of that corporation, and/or Officers Jordan and Davison.[5] Plaintiff alleges that the corporation is based in Nashville, Tennessee, and

---

[5] At first blush, it might seem as though the claims against those defendants would not be cognizable under § 1983 for lack of state action. However, jurisprudence indicates otherwise:

> Various district courts have allowed plaintiffs to proceed in claims brought pursuant to § 1983 against private corporations that provide prison transport services. See, e.g., Schilling v. TransCor America, LLC, 2008 WL 3463510 (N.D. Cal. Aug. 11, 2008) (allowing constitutional claims against

6

that the named officers likewise reside in Nashville. The interests of justice dictate that the claims against the Tennessee defendants be transferred to the United States District Court for the Middle District of Tennessee, Nashville Division, for disposition. Not only do those defendants reside within that judicial district, but the majority of relevant witnesses and evidence will presumably also be located in Nashville. On the whole, it will be more convenient and less expensive for the parties to litigate the claims against the Tennessee defendants in Tennessee.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the claims against Sheriff Marlin Gusman be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that the following defendants and all claims against them be severed and transferred to United States District Court for the Middle District of Tennessee, Nashville Division: Prison Transport Services of America, LLC; the unidentified president of that corporation; and Officers Jordan and Davison.

---

private transport company to proceed without deciding state action issue); Dailey v. Hunter, No. 04-392, 2006 WL 4847739 (M.D. Fla. March 22, 2006) (plaintiff sufficiently pleaded that the defendant transport company acted under color of state law for § 1983 purposes based on the transport company's alleged contract for prisoner transportation with county jail); Irons v. TransCor America, Inc., No. 01-4328, 2006 WL 618856 (E.D. Pa. March 9, 2006) (denying summary judgment in § 1983 action because there existed a genuine issue of material fact as to whether the defendant transport company was a state actor since private prison companies obtain custody over prisoners only by way of state authorization and plaintiff established that "defendants exercised control over him comparable to incarceration"); Wine v. Dep't of Corrs., No. 00-C-704-C, 2000 WL 34229819 (W.D. Wis. Dec. 27, 2000) (finding that it would be inappropriate to dismiss transport company as a defendant in § 1983 action because plaintiff had alleged facts sufficient to proceed against the transport company as a state actor).

Lewis v. Extradition Transport of America, No. CV 13-138, 2014 WL 494573, at *4 n.2 (D. Mont. Feb. 5, 2014); accord Nave v. Trans-Cor of America, C/A No. 8:06-1065, 2007 WL 2156670, at *4 (D.S.C. July 26, 2007).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-fifth day of April, 2017.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**